IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLANCA LILIANA CHAVEZ LUNA,

Petitioner,

v. No. 2:26-cv-01441-KG-JMR

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Blanca Liliana Chavez Luna's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. For the reasons below, the Court denies the habeas petition.

Petitioner, a native and citizen of Mexico, entered the United States in 2022. Doc. 6 at 2. She was at liberty until February 9, 2026, when she was detained by immigration authorities. *Id.*

An immigration judge ordered her removed to Mexico on April 3, 2026. *Id.* The record indicates that she did not appeal that order. *Id.*

Petitioner seeks immediate release. She argues that her detention violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment. Doc. 1 at 5–7. She also argues that she has been deprived of her right to counsel, violating the Fifth and Sixth Amendment's guarantee to a fair trial. *Id.* at 6. The Government opposes the Petition. *See generally* Doc. 6.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(c). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Applying these principles, Petitioner's detention remains lawful under § 1231. Petitioner's removal order became administratively final on May 4, 2026, after the appeal period expired. 8 C.F.R. § 1241.1(c) (order becomes administratively final "upon waiver of appeal by the respondent"). That finality triggered the removal period. Since that date, she has been

detained for just over four months. Accordingly, her detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

Petitioner also contends that she has been deprived of her right to counsel in violation of the Fifth and Sixth Amendments. *Id.* at 6. The Court does not minimize the difficulty of navigating immigration proceedings without counsel. Nevertheless, because the Sixth Amendment right to counsel does not extend to civil immigration proceedings, and the Fifth Amendment does not generally require appointed counsel in such proceedings, this claim does not provide a basis for habeas relief.

The Petition for a Writ of Habeas Corpus, Doc. 1, is therefore denied without prejudice. Petitioner may file a new habeas petition if she remains detained beyond the six-month period.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.